UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHERRY MARIE PFENNINGER <br> 9174 Caledon Road <br> King George, Virginia 22485 <br><br> And <br><br> JERRY PFENNINGER <br> 9174 Caledon Road <br> King George, Virginia 22485 <br><br>       Plaintiffs, <br><br><br> BARRY ARON, M.D. <br> 605 E. Charles Street <br> La Plata, MD 20646 <br><br> AND <br><br> BARRY I. ARON, M.D., P.C. <br> 13935 North Star Place <br> Bryantown, MD 20617 <br><br> Serve: <br>      Registered Agent <br>      Barry I. Aron <br>      13935 North Star Place <br>      Bryantown, MD 20617 <br><br> AND <br><br> SURYAKANT J. PATEL, M.D. <br> 11340 Pembrooke Square <br> Suite 213 <br> Waldorf, MD 20603 <br><br> AND <br><br> SURGICAL ASSOCIATES CHARTERED <br> 11340 Pembrooke Square <br> Suite 213 | Case No. 8:13-cv-00844-DKC |

Waldorf, MD 20603                                )
                                                 )
Serve:                                           )
   Registered Agent                              )
      Gary S. Grover                             )
      11855 Holly Lane                           )
      Suite 101                                  )
      Waldorf, MD 20601                          )
                                                 )
               Defendants.                       )

---

### AMENDED COMPLAINT
#### (Medical Negligence; Diversity of Citizenship)

1. This court has jurisdiction under 28 U.S.C. 1332. The plaintiffs are citizens of Virginia. The defendants are citizens of Maryland who reside in Charles County, Maryland. The amount in controversy exceeds $75,000.

2. The plaintiffs are Sherry Pfenninger, date of birth March 12, 1964, and her husband Jerry Pfenninger. They have been married since July 13, 2003.

3. This case presents a claim against health care providers for medical injury within the meaning of Md. Code Cts. & Jud. Proc. §3 -2A-01.  The claim was presented to the Health Claims Alternative Dispute Resolution Office of Maryland, and the plaintiffs waived arbitration pursuant to Md. Code Cts. & Jud. Proc. Section 3-2A-06B(b)(1).  The Order of Transfer for Dr. Aron was issued on February 11, 2013. An Amended Statement of Claim was presented to the Health Claims Alternative Dispute Resolution Office on February 28, 2013, adding Barry I. Aron, M.D., P.C. The Plaintiff again waived arbitration. The Order of Transfer for Barry I. Aron, M.D., P.C. was issued on March 4, 2013. A Second Amended Statement of Claim was presented to the Health Claims

2

Alternative Dispute Resolution Office on June 20, 2013, adding Dr. Patel and Surgical

Associates Chtd. The Plaintiff again waived arbitration and the Order of Transfer for that

Claim was signed on June 26, 2013. Ms. Pfenninger underwent a surgical procedure on

December 30, 2010 at Civista Medical Center in La Plata, Md., for pelvic pain.

4.  The surgeon was Dr. Barry Aron, M.D., a gynecologist. Dr. Aron is an employee of

    Barry I. Aron, M.D., P.C., and was acting within the scope of his employment in his

    treatment of Sherry Pfenninger.

5.  The co-surgeon was Suryakant J. Patel, M.D., a general surgeon. Dr. Patel is an employee

    of Surgical Associates Chartered, and was acting within the scope of his employment in

    his treatment of Sherry Pfenninger.

6.  While performing the pelvic laparotomy, Dr. Aron went into the retroperitoneal space

    and removed a cystic mass measuring about 6.5 x 5.5 x 3.0 centimeters, which appeared

    to be a remnant of the right ovary that had been previously removed. He wrote in his

    operative report that the patient's ureter – the tube that drains urine from the kidney into

    the bladder – appeared uninjured, but he did not say how he knew that. In fact, as later

    discovered by another physician, Dr. Aron had inadvertently cut out the patient's right

    ureter along with the mass he removed.

7.  Dr. Patel assisted Dr. Aron when the retroperitoneal space was entered and the cystic

    mass measuring about 6.5 x 5.5 x 3.0 centimeters was removed.

8.  When a pathologist examined the removed mass which Dr. Aron and Dr. Patel sent to the

    laboratory, the pathologist saw a tubular structure which he described as 4 cm long by 0.3

    cm in diameter, which he identified as the ureter.  He reported this to Dr. Aron and Dr.

    Patel on January 3, 2011.

9.  Ms. Pfenninger returned to Civista on January 3, 2011, and underwent a procedure to insert a tube into the kidney to restore proper urine drainage temporarily. In February 2011, she underwent a reconstruction procedure at the University of Maryland to create a new connection from the kidney to the bladder.  This procedure succeeded, but Ms. Pfenninger has continued to have urinary tract infections and pelvic pain and discomfort related to the destruction of her ureter and the delayed discovery of the injury.

10. Dr. Aron was negligent and violated the standard of care in his treatment of Ms. Pfenninger. His negligence included, among other things, failing to realize that the ureter, a vital structure, was in the area of the mass he was removing, failing to positively identify and protect the ureter from injury, causing unnecessary destruction of the ureter, and failing to catch his own error in time to fix it immediately.

11. Dr. Patel was negligent and violated the standard of care in his treatment of Ms. Pfenninger. His negligence included, among other things, failing to realize that the ureter, a vital structure, was in the area of the mass being removed, failing to positively identify and protect the ureter from injury, causing unnecessary destruction of the ureter, and failing to catch these errors in time to fix it immediately.

12. When Dr. Aron and Dr. Patel finished removing the mass, they checked to see if the patient was making urine. This was an unreliable test for ureter injury because a patient can still have urine production after having a ureter severed, as was the case here. Checking for urine production confirms that both Dr. Aron and Dr. Patel knew the ureters were at risk for injury from their surgery and that they needed to make sure he had not damaged them. Both Dr. Aron and Dr. Patel were negligent in doing the wrong test for ureter injury. The delay in recognition of the injury worsened her outcome.

4

13. Dr. Aron's violations of the standard of care caused serious injury to Ms. Pfenninger.

14. Barry I. Aron, M.D., P.C. is liable for the negligence of Dr. Aron, its employee, that caused injury to Ms. Pfenninger.

15. Dr. Patel's violations of the standard of care caused serious injury to Ms. Pfenninger.

16. Surgical Associates Chartered is liable for the negligence of its employee that caused injury to Ms. Pfenninger.

17. As a proximate result of the negligence of Dr. Aron and Dr. Patel, Ms. Pfenninger:

    A.    suffered a loss of earning capacity;

    B.    has experienced medical and related expenses and will experience such expenses for her lifetime;

    C.    has endured and will endure physical pain, emotional suffering, mental anguish and loss of enjoyment of life.

All of her injuries and damages are permanent and will last for her lifetime.

18. Mr. and Mrs. Pfenninger have suffered injury to their marital relationship as a result of the injury caused by Dr. Aron's and Dr. Patel's negligence.

19. The plaintiffs demand judgment of the defendants, jointly and severally, in an amount in excess of $75,000, in accord with the proof at trial.

Respectfully submitted,

**PATRICK MALONE & ASSOCIATES, P.C.**


/s/ Patrick A. Malone
Patrick A. Malone (Bar No. 06752)
pmalone@patrickmalonelaw.com
Daniel C. Scialpi (Bar No. 18068)
dscialpi@patrickmalonelaw.com
1111 16th Street, NW
Suite 400
Washington, DC  20036
Phone:  (202) 742-1500
Facsimile: (202) 742-1515

*Attorneys for the Plaintiffs*


### JURY DEMAND

The plaintiffs demand trial by jury.

/s/ Patrick A. Malone
Patrick A. Malone

6